ROBERTS, Respondent, v. BROWN, Appellant.

(153 N. W. 765.)

(File No. 3744.   Opinion filed July 24, 1915.)

**Master and Servant—Liability for Services—Contract Through Agent —Ownership of Business—Sufficiency of Evidence.**

Where defendant, who purchased a stock of merchandise and started C. in business on C's own account, defendant's only interest in the business having been owing to the advancement made by him to C. and to the fact that he had guaranteed certain bills for goods purchased by C., **held**, that the evidence is insufficient to show defendant's ownership of the business, or that plaintiff, who sued to recover for services performed by her under an alleged contract with C. as defendant's agent, was entitled to recover, the evidence failing to show that at any time plaintiff considered defendant such owner.

Appeal from Circuit Court, Walworth County. Hon. JOSEPH H. BOTTUM, Judge.

Action by Ethel M. Roberts against A. H. Brown, to recover for services alleged to have been performed for him as owner of a store business. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*W. M. Potts,* for Appellant.

*Carpenter & Morrison,* for Respondent.

Appellant submitted that: Plaintiff is conclusively denied a recovery on account of her contractual admissions which are irreconcilably inconsistent with her theory of the case. From the record it is evident that there was no actual agency existing between defendant and Miss Campbell, who was proprietor of the store business; and cited: Foley v. Alkire, 52 Mo. 317; Preston v. Otey, 88 Va. 491, 14 S. E. 68; Kennedy v. First State Bank of Wall, 149 N. W. 168.

WHITING, J. Plaintiff brought this action against defendant to recover the amount which she claimed to be due under a contract for services. Plaintiff claimed that defendant was the owner of a certain millinery business conducted for him by one C., and that C., as defendant's agent, entered into the contract with plaintiff. Plaintiff recovered judgment, and defendant appealed from the judgment and an order refusing a new trial.

Several errors are assigned, but we find it unnecessary to consider any, except those questioning the sufficiency of the evidence to support the verdict and judgment. Under the pleadings, the evidence, and the unchallenged instructions of the court, plaintiff was not entitled to recover, unless the evidence showed defendant to be the owner of the millinery business and C. but his agent in charge thereof. We are unable to find any evidence to support the claim that defendant was such owner of such business during any of the time plaintiff was employed. Moreover, plaintiff offered no evidence to show that, either at the time she was employed by C. or at any time during such employment, she considered defendant the owner of such business. To our minds the evidence conclusively shows that defendant purchased a stock of merchandise and started C. in business on C.'s own account, and that defendant's only interest in such business was owing to the

advancement he had made C. and to the fact that he afterwards guaranteed certain bills of goods purchased by C.

The judgment and order are reversed.